IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-154 |
| | ) | Judge Nora Barry Fischer |
| TONY GAY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I. Introduction

This case presents the question of whether this Court should release a defendant who has pled guilty on bond so that he can be transferred to state authorities to answer parole violations prior to being sentenced for his federal crimes. Defendant seeks bond so he may have an opportunity to argue for concurrent sentences to this federal court, an opportunity that state law does not provide in parole violation proceedings. *See* 61 Pa.C.S. § 6138. The Government opposes Defendant's motion. (Docket No. 88). The matter has been fully briefed and the Court held a motion hearing. (Docket Nos. 80, 81, 83, 85, 89, 91, 94, 95, 96). After careful consideration of the parties' arguments and all of the facts of record, Defendant's Motion for Bond [87] is DENIED.

## II. Factual Background

At the time Defendant committed the underlying federal offenses, he was on parole for three separate drug offenses, all of which involved heroin. (Docket No. 43 at 8:13–17). Defendant was initially convicted by the Commonwealth of Pennsylvania on three counts of

1

possession of a controlled substance on September 20, 2011. (Docket No. 1). On November 6, 2013, Defendant's parole officer received a message from a police reporting service that Defendant was out after curfew, driving without a license, and associating with people who were believed to be gang members. (*Id.* at 30:2–16; 32:18–25). After reviewing the situation with her supervisor, Defendant's parole officer was directed to perform a compliance check at Defendant's residence. (*Id.* at 95:5–99:21). Given that Defendant was due to report in person to his parole officer that day, his parole officer waited for him to arrive at the parole office, and arrested him when he did so. (*Id.* at 38:3–15). With Defendant in tow, his parole officer went to his residence and entered via a boarded up window.[1] (*Id.* at 39:14–17). Upon searching the home, the parole officer found heroin and a firearm. (*Id.* at 42:2–8). At that point, the parole officer contacted the Pittsburgh Police Department, and they took over the investigation. (*Id.* 44:3–9; 111:19–112:18). The Pittsburgh Police obtained a search warrant, and after recovering the firearm and narcotics, placed Defendant under arrest and charged him accordingly. (*Id.* at 44:19–22).

The same day that Defendant was charged by the Pittsburgh Police, the Commonwealth of Pennsylvania Board of Probation and Parole filed a "Warrant to Commit and Detain," which directed the "Superintendent, Warden, or other authorized representative of a Detention Facility or State Correctional Institution in the Commonwealth of Pennsylvania" to commit and detain Defendant for violation of parole/probation. (Docket No. 87-2). The next day, Defendant was arraigned in the Allegheny County Courthouse on the state charges, and his bail was set. (Docket No. 87 at ¶).

---

[1] The Court has previously found the parole officer's warrantless search to be lawful. (Docket No. 49).

Defendant remained in the Allegheny County Jail for the next seven months without any resolution of his state charges or parole violations. (*See id.* at ¶ 4). On June 17, 2014, Defendant was indicted by a federal grand jury on three counts: (1) possession of 100 grams or more of heroin with the intent to distribute; (2) possession of a firearm and/or ammunition by a convicted felon; and (3) possession of a firearm in furtherance of a drug trafficking crime, (Docket No. 1), and a warrant was issued for his arrest. (Docket Nos. 3–4).

On June 20, 2014, counsel for the federal government moved for a writ of habeas corpus ad prosequendum, seeking to have Defendant brought from state custody to the federal courthouse for his proceedings, which was granted. (Docket Nos. 6,7). Six days after counsel for the federal government sought a writ, the District Attorney dropped the state charges against Defendant. (Docket No. 87, at ¶ 4). Defendant continued to be detained in the Allegheny County Jail, albeit in federal custody, and on July 7 he was brought before the Magistrate Judge for an initial appearance where he waived his detention hearing and was ordered detained pending resolution of his federal charges. (Docket Nos. 8, 13).

Four days after Defendant's initial appearance, the United States Marshals returned the previously filed June 20, 2014 writ of habeas corpus ad prosequendum as "unexecuted because the Court date was postponed." (Docket No. 18). The parties proceeded to litigate the case, and Defendant eventually brought a motion to suppress, which the court denied. (Docket Nos. 25, 49). Defendant later knowingly and voluntarily pled guilty to Counts 1 and 3 pursuant to an 11(c)(1)(C) plea agreement that would have the Court sentence him to 192 months' incarceration. (Docket No. 66). At no time did state parole authorities take any action as to Defendant's violations.

About a week prior to the sentencing hearing, Defendant requested that he be released on bond to address the outstanding parole violations. (Docket No. 79). The parties briefed the issue, (Docket Nos. 87–89), discussed same at a number of telephonic sentencing conferences, (Docket Nos. 80, 83, 85), and the Court held a Hearing and Oral Argument on Defendant's motion for bond. (Docket No. 91). Thereafter, the Court ordered the parties to file supplemental briefs to address the import, if any, of *Harris v. Quintana*, 2012 U.S. Dist. LEXIS 101100 (W.D. Pa. July 20, 2012), (Docket No. 92), and the parties submitted briefs in response thereto. (Docket Nos. 94–96). Accordingly, Defendant's motion is now ripe for review.

### III. Discussion

The inquiry before the Court arises from Defendant's request to be transferred into state custody for the purpose of having an opportunity to argue to this Court that his sentences for federal offenses and state parole violations run concurrently. (Docket No. 87). Defendant requests: (1) that the Court proclaim Defendant to be in primary state custody; and (2) that the Court release Defendant on bail. (*Id.*). Counsel for the Government contends that it is not possible to definitively determine Defendant's custody status, and that Defendant should not be placed on bond because he is ineligible for same. (Docket No. 88).

When a defendant is subject to being imprisoned for criminal sentences from both state and federal authorities, the order in which the defendant serves the sentences is governed by the primary custody doctrine. *See e.g.*, *Harris v. Quintana*, 2012 U.S. Dist. LEXIS 101100, at* 17–19 (W.D. Pa. July 20, 2012) (citing *Bowman v. Wilson*, 672 F.2d 1145, 1153–54 (3d Cir. 1982)). The sovereign with primary custody over a defendant is entitled to have that defendant serve a sentence it imposes prior to serving a sentence imposed by any other sovereign. *Id.* Primary

custody is determined by identifying which sovereign initially arrests the defendant, and it is determination that is "a matter of comity to be resolved by the executive branches of the two sovereigns." *Id.* (quoting *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980); *Bowman*, 672 F.2d at 1153–54).

Generally, "primary custody remains vested in the sovereign that first arrests the individual until it 'relinquishes its priority by, *e.g.*, bail release, dismissal of the state charges, parole release, or expiration of the sentence.'" *Id.* (citing *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) (quoting *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980))). The relinquishment of jurisdiction is an executive function, not a judicial function. *Id.*

Regardless of which sovereign retains primary custody, "the decision of whether sentences run concurrently or consecutively is generally left to the discretion of the second Judge that has the opportunity to impose a sentence regardless of the language utilized by any order by the first Judge." *United States v. Sears*, 2016 U.S. Dist. LEXIS 77904, at *35 (W.D. Pa. June 15, 2016). The Court initially turns to Defendant's request that the Court declare him to be in primary state custody and will then address his request for bail.

**A. Primary Custody**

In the instant case, Pennsylvania law requires any time served for violation of parole to be served consecutively to any new term of imprisonment ordered by a federal court. 61 Pa.C.S. § 6138(a)(5.1) ("If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term."). The relevant federal statute grants this Court discretion to order sentences to run concurrently or

5

consecutively. *See* 18 USCS § 3584; *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012). In an effort to avoid a consecutive sentence, Defendant requests that this Court designate him as being in primary state custody so that this Court may have the opportunity to order Defendant's federal sentence to run concurrently with his state parole violation. (Docket No. 87 at 3). The Government opposes Defendant's request to declare he is in primary state custody, arguing that the "question of which sovereign has primary custody over Tony Gay will not be an answerable one in this particular case." (Docket No. 88 at 3). This Court agrees with the government's position.

The Court of Appeals for the Third Circuit has held that criminal defendants do not have standing to raise the issue of which sovereign maintains primary jurisdiction. *Bowman*, 672 F.2d 1145, 1153–54 ("Those who assert jurisdiction, not those in their custody, are the beneficiaries of the rule allocating priority of prosecution to the sovereignty which first takes custody of a person."). Rather, any disputes as to sovereignty must be resolved by the entities asserting same—in this case, the United States Marshal Service and the Pennsylvania Board of Probation and Parole. *Smart v. Kirby*, 436 Fed. App'x 64, 66 (3d Cir. 2011) ("We have explained that '[t]he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner.'") (quoting *Bowman*, 672 F.2d 1145, 1154). There is no such dispute in this matter as only Defendant has raised the issue. Accordingly, as Defendant lacks standing to challenge the assertion of primary custody by the United States Marshal Service, Defendant's motion must be denied to the extent he requests this Court to proclaim he is in primary state custody.

Moving on, even if Defendant had standing, he has failed to proffer any evidence in support of his claim that he is in primary state custody, despite being provided an opportunity to do so. The Third Circuit has not foreclosed the possibility that the federal government could legitimately exercise primary custody over a criminal defendant who was initially in state custody by means outside of bail, dismissal of charges, parole, or expiration of the sentence. *Allen v. Nash*, 236 Fed. App'x 779, 782–83 (3d Cir. 2007) (citing *Weekes v. Fleming*, 301 F.3d 1175, 1181 (10th Cir. 2002)). The record in this case supports such a finding. Initially, while a writ of habeas corpus ad prosequendum was issued in this case, (Docket No. 7), it was returned as unexecuted, (Docket No. 18), suggesting that the state authorities have relinquished their rights over Tony Gay upon the dismissal of his state charges. *See* P.P.S. 5880.28(b) (defining exclusive custody as custody obtained without a writ of habeas corpus ad prosequendum). Additionally, the only papers upon which the Federal government's authority rests are the arrest warrant and the indictment. (Docket Nos. 1, 3–4, 18). The lack of any action by the Parole Board during the past almost two years likewise supports a finding that Defendant is in primary federal custody.[2] Moreover, First Deputy United States Marshal Jason Byham, who was called by the Government as a witness at the hearing testified unequivocally that Defendant is in primary federal custody. (Docket No. 93 at 4:18–20) ("Well, we show him as a Federal prisoner. He came in as a Federal prisoner, the U.S. Marshal custody. He currently is in our custody."). Thus, the evidence in this case clearly supports only a finding that Defendant is in primary federal custody.

---

[2] The Court further notes that the Commonwealth of Pennsylvania Board of Probation and Parole "Warrant to Commit and Detain" lists a "max date" of April 30, 2017. (Docket No. 87-2). It is possible that the detainer could expire while the Defendant is serving his federal sentence, especially given that Defendant agreed to a plea agreement imposing a sentence of 192 months' incarceration.

For all of these reasons, the Court denies Defendant's motion relative to his request to be deemed in primary state custody.

### B. Bond

Defendant alternatively seeks to achieve the same result by requesting that he be placed on bond so that the federal government will relinquish its primary custody over him, and return him to the Pennsylvania Parole Board for proceedings relative to his parole violations. (Docket No. 87). The Government opposes Defendant's request for bond, arguing that pursuant to the Bail Reform Act Defendant is ineligible for same, and that even if he was eligible, the Government would be entitled to a detention hearing, which Defendant has waived and otherwise has not yet been held in this case. (Docket No. 88). The Court once again concurs with the Government's position.

The Bail Reform Act requires a court to detain a person who has been found guilty of, among other things, an offense "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)," or "an offense under Section 924(c)." 18 U.S.C. § 3143(a)(2). A court may only release a defendant found guilty of such offenses in very limited circumstances, *i.e.*, if it determines there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the Government recommends no sentence of imprisonment, <u>and</u> the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3142(a)(2).

Defendant pled guilty to two offenses falling within § 3143(a)(2), namely, Count 1 of the indictment, possession with intent to distribute 100 grams or more of heroin, in violation of 21

8

U.S.C. §§ 841 (a)(1) and (b)(1)(i), which has a potential maximum penalty of 40 years, and Count 3, unlawful possession of a firearm in furtherance of a drug trafficking crime. (Docket No. 66). Moreover, Defendant faces a mandatory term of incarceration at Count 3 of the indictment for pleading guilty to unlawful possession of a firearm in furtherance of a drug trafficking offense. (Docket No. 1). Defendant does not fall within the exception to § 3143(a)(2) because there is no motion for acquittal or new trial before the Court, nor does an attorney for the Government recommend a sentence without imprisonment. Indeed, Defendant and the Government have entered into an 11(c)(1)(C) plea agreement for a specific sentence of 192 months' imprisonment.

Defendant additionally fails to demonstrate, let alone by clear and convincing evidence, that he should be released for multiple reasons. First, Defendant waived his detention hearing. (Docket No. 13). Second, Defendant was convicted of very serious offenses precluding his release on bond and for which he will receive a stiff penalty. (*See* Docket No. 66). Third, Defendant has a significant criminal history, as reviewed on the record during the hearing, (Docket No. 93), including a number of convictions for crimes committed while on bond in other cases. (*See Presentence Investigation Report*, Docket No. 72 at ¶¶ 30–39). Further, Defendant's prior violations of bond and parole conditions, which are not limited to the underlying offenses he committed while on parole, would lead any reasonable jurist to deny his bond at a detention hearing. Finally, courts have rejected the argument that bond is appropriate for a defendant subject to a state detainer because he will merely be transferred from federal to state custody. *See United States v. Dimmick*, 82 F. Supp. 3d 866, 870 (N.D. Iowa 2015) (denying defendant's motion for bond despite the fact that Defendant would remain in custody, albeit state custody).

9

The Court acknowledges that Defendant points to instances where members of this Bench have ordered other criminal defendants to be placed on bond for the purpose of transferring them from federal to state custody. *United States v. McWright*, CR 14-131-2, Docket No. 214 (W.D. Pa. July 28, 2015); *United States v. White*, CR 14-190-1, Docket No. 192 (W.D. Pa. April 20, 2016); *United States v. Pratt*, CR 14-190-4, Docket No. 166 (W.D. Pa. Jan. 27, 2016). In spite of same, assessing whether a criminal defendant is eligible for bail is an individualized inquiry, and the bail status of unrelated contemporaries is not a factor to be considered. *See United States v. Oliver*, 2016 U.S. Dist. LEXIS 58745, *33–34 (W.D. Pa. May 3, 2016) (holding that the status of co-conspirators on bond—*i.e.*, criminal defendants even more closely related than merely by contemporaneous sentencing—does not directly bear on whether a defendant should be released from custody) (citing *United States v. White*, 2014 U.S. Dist. LEXIS 185560, *41–42 (W.D. Pa. Dec. 8, 2014); *United States v. Pompei*, No. CR. 98-196, 1998 U.S. Dist. LEXIS 7655, 1998 WL 372650, at *1 (E.D. Pa. May 14, 1998). The Court now turns to the facts of the local cases relied upon by the Defendant and distinguishes them.

*McWright* is unlike this case for two main reasons. First, although the Judge in that case entertained the defendant's request to be placed on bond, any efforts related thereto did not have the desired result Defendant here seeks because the Judge ultimately did not order the federal sentence to run concurrently with the state one. *United States v. McWright*, CR 14-131-2, Docket No. 216 (W.D. Pa. July 28, 2015) ("The Court made no determination about whether this sentence should be concurrent with or consecutive to any future sentence imposed by the Pennsylvania Board of Probation and Parole for violation of parole."). Second, even if that Court had ordered the federal sentence to run concurrently with the forthcoming state parole sentence, such a decision may have had no effect because the federal Judge sentenced Defendant first, and

10

placed him on bond to be released to the state immediately thereafter. *See McWright*, CR 14-131-2, Docket No. 278 (W.D. Pa. Mar. 17, 2016). The state statute would operate to make the sentences run consecutively, and it would still be up to the Bureau of Prisons and Pennsylvania Department of Corrections to compute the actual time Defendant served on those sentences. Thus, the Court's rulings in *McWright* do not support the Defendant's position here.

The situation in *United States v. Pratt* was even more procedurally distinct because the defendant there requested bail prior to pleading guilty to a federal crime. *United States v. Pratt*, CR 14-190-4, Docket No. 155 (W.D. Pa. Dec. 17, 2015). Given defendant Pratt's request for bail, the Court held a detention hearing, and granted his request. *Pratt*, CR 14-190-4, Docket No. 166 (W.D. Pa. Jan. 27, 2016). Pratt's situation also differs because his unresolved parole violations concerned activity outside of the federal criminal charges for which he was in custody, *i.e.*, a driving under the influence conviction. *Pratt*, CR 14-190-4, Docket No. 155 (W.D. Pa. Dec. 17, 2015). Accordingly, *Pratt* does not support Defendant's request to be placed on bond.

*White* likewise does not support Defendant's position. First, unlike Defendant's situation, the plea agreement in *White* contained clear language stipulating that the parties agreed that defendant's federal sentence would run concurrently with his forthcoming parole violation sentence. *United States v. White*, CR 14-190-1, Docket No. 171 at ¶ 4 (W.D. Pa. Feb. 25, 2016). Given that the parties had stipulated to such a sentence, it would appear that the court's decision to grant bond was at least partly predicated on effectuating the parties' bargain. Additionally, White's federal case has not yet proceeded to judgment, *see White*, CR 14-190-1, Docket No. 217 (W.D. Pa. June 16, 2016) (rescheduling White's Sentencing Hearing to Aug. 3, 2016), and so it is uncertain whether the Court's decision to place him on bond had any effect.

In addition, other considerations in Defendant's case warrant mention. Initially, Defendant's federal charges arose from an investigation of his parole activities and consisted of charges of possession with the intent to distribute heroin; unlawful possession of a firearm by a convicted felon; and possession of a firearm in furtherance of a drug trafficking crime. (Docket No. 1). The advisory guidelines range for Defendant's case is 262 months to 327 months, (Docket No. 72), however, by way of his 11(c)(1)(C) plea agreement, Defendant stands to receive a substantial deviation from his guideline range in that the plea agreement calls for a sentence of 192 months' incarceration. (*See* Docket No. 65). The guidelines also recommend that Defendant's sentence be imposed consecutively with any subsequent state parole violation. U.S. Sentencing Guideline § 5G1.3(d), *Cmt.* n. *4(C)* (recommending that a federal sentence imposed for conduct occurring while a defendant was on parole for a state charge run consecutively to subsequent state parole charge).

Turning to Defendant's parole violations, although Pennsylvania law requires any state parole sentence to run consecutively from any federal sentence, 61 Pa.C.S. § 6138, the duration of any such potential sentence is unknown. Therefore, any argument at this stage that Defendant will be subject to an unjust sentence arising from the present facts and circumstances appears speculative.

IV. Conclusion

For the foregoing reasons, Defendant's Motion for Bond [87] is DENIED. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

12

cc/ecf: All counsel of record.

        Tony Gay USM # 35312068 c/o Jay J. Finkelstein, AFPD
        Pretrial Services/Probation Office
        United States Marshal