IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 14-154 |
| | ) | Judge Nora Barry Fischer |
| TONY GAY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court is Defendant's Motion for Reconsideration,[1] (Docket No. [113]), to which the Government has filed a Response in Opposition thereto, (Docket No. [116]). Through his Motion, Defendant seeks reconsideration of the Court's Memorandum Opinion issued on July 28, 2016, denying Defendant's Motion for Bond, wherein the Court rejected Defendant's requests that: (1) the Court proclaim he is in primary state custody, (Docket No. 98 at 6-8); and (2) the Court place him on bond so that the Government would relinquish its primary custody over him and return him to the Pennsylvania Parole Board for proceedings relative to his parole violations, (*id.* at 8-12). For the following reasons, Defendant's Motion for Reconsideration [113] is DENIED.

The purpose of a motion for reconsideration "'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

---

[1] The Court notes that Defendant seeks reconsideration of the Court's prior ruling of July 28, 2016, which is beyond this Court's motions practice rule that motions for reconsideration "shall be filed within seven (7) days." *See Practices and Procedures of Judge Nora Barry Fischer*, § II.M., *available at*: http://www.pawd.uscourts.gov/ Documents/ Judge/fischer_pp.pdf (effective Feb. 5, 2013) ("[A]ny motions for reconsideration shall be filed within seven (7) days.")). However, given the fact that defense counsel had repeatedly indicated his intent to seek reconsideration and the impending sentencing hearing, the Court has in this instance chosen to proceed on the papers so the parties have its ruling prior to sentencing.

1

Because "federal courts have a strong interest in the finality of judgments," *United States v. Hoey*, No. CR 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011) (internal quotations omitted), the standard that must be met to prevail on a motion for reconsideration is high, *see Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, No. CR 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see Hoey*, 2011 WL 748152, at *2 (citation omitted), to express disagreement with the Court's rulings, *see United States v. Perminter*, No. CR 10-204, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Hoey*, 2011 WL 748152, at *2.

At the outset, the Court notes that Defendant has failed to reference, apply, or satisfy the standard applicable to motions for reconsideration. (Docket No. 113). Indeed, Defendant does not cite any intervening change in the controlling law since the Court's July 28, 2016 Memorandum Opinion nor does he provide the Court any new evidence which was not available as of the date of that decision. (*Id.*). Defendant essentially argues that the Court committed factual and/or legal errors in its prior decision and alleges that "if [he] is required to serve a

sentence of 192 months, to be followed by a multi-year sentence in state custody would result in [an] inordinately lengthy sentence not justified in this matter." (*Id.* at 11). Naturally, the Government opposes Defendant's Motion for Reconsideration and continues to believe that proclaiming Defendant to be in primary state custody or granting his request for bond is unwarranted. (Docket No. 116). Having fully considered the matter — now for a second time — the Court finds that Defendant has not met his burden to demonstrate that reconsideration of the Court's July 28, 2016, Memorandum Order is warranted. However, the Court will address Defendant's arguments, in turn.

First, in support of his argument that he is in primary state custody, Defendant cites to cases that are outside this Court's jurisdiction, (Docket No. 113 at 5-8), and he fails to establish the invalidity of, or even address, the authority upon which the Court relied in finding that criminal defendants do not have standing to raise the issue of which sovereign maintains primary jurisdiction over them while in custody, (*see* Docket No. 98 at 6). Because Defendant has not demonstrated that he has standing pursuant to the well-settled law of the Court of Appeals for the Third Circuit — namely, *Bowman v. Wilson*, 672 F.2d 1145 (3d Cir. 1982), and *Smart v. Kirby*, 436 Fed. App'x 64, 66 (3d Cir. 2011) — he simply cannot prevail on the merits here.

In any event, Defendant's instant challenges concern the Court's alternative rulings that if Defendant had established standing, which he had not, he also failed to proffer any evidence supporting his claim that he is in primary state custody. (*See* Docket No. 98 at 7). As before, Defendant once again contends that the unexecuted writ of habeas corpus ad prosequendum did not suggest that the state had surrendered its primary custody of him. (Docket No. 113 at 3-6). He continues to maintain that the federal authorities simply "borrow[ed]" him for court proceedings and must return him to state custody. (*Id.* at 6-8). He also claims that Deputy

United States Marshal Jason Byham[2] was mistaken in testifying that Defendant is in federal custody. (*Id.* at 6-7). But, these arguments concerning the weight to be given to the evidence that was presented to the Court during the prior proceedings were already considered by the Court and overruled. (*See* Docket No. 98). Defendant's disagreements with these rulings are not an appropriate basis for reconsideration. *See Perminter*, 2012 WL 642530, at *7. Hence, Defendant has not met his heavy burden to prevail on his Motion for Reconsideration, and his motion must be denied to the extent he requests this Court to proclaim he is in primary state custody.

Second, regarding Defendant's argument that he should be granted bond, he overlooks the Court's holding that he is ineligible for bond under the Bail Reform Act, 18 U.S.C. § 3143, based on a full consideration of the facts and circumstances in his case.[3] (*See id.*). Instead, Defendant merely points to other defendants with parole detainers who were granted bond by the presiding Judge in their respective cases in the United States District Court for the Middle District of Pennsylvania. (*See* Docket No. 113 at 10). However, the decisions upon which Defendant relies are non-binding, summary orders granting unopposed motions for reconsideration of detention orders and release on bond which were consented to by the Assistant United States Attorneys in those cases.[4] Further, none of these Orders undermine the Court's

---

[2] The Court notes that "'mere subordinate administrative officials such as the state sheriff and federal marshal' may not bind their respective sovereigns as to which sovereign shall, as a matter of comity, have primary jurisdiction." *Thomas v. Whalen*, 962 F.2d 358, 362 n.7 (4th Cir. 1992) (quoting *United States v. Croft*, 450 F.2d 1094, 1098 (6th Cir. 1971)).

[3] As the Court noted in its Memorandum Opinion, Defendant waived his detention hearing; he was convicted of very serious offenses precluding his release on bond; and he has a significant criminal history, including multiple convictions for crimes committed while on bond. (*See* Docket No. 98 at 9).

[4] In support of his argument that he should be granted bond, Defendant cites to: *United States v. Smith*, Case No. CR 1:14-266, ECF No. 249 (M.D. Pa. Nov. 25, 2015); *United States v. Brown*, Case No. CR 1:14-87, ECF No. 50 (M.D. Pa. July 10, 2015); *United States v. Brown*, Case No. CR 1:09-182, ECF No. 36 (M.D. Pa. Aug. 18, 2010); and *United States v. Holmes*, Case No. CR 1:06-312, ECF No. 55 (M.D. Pa. Dec. 21, 2007). (Docket No. 113 at

prior conclusion that "assessing whether a criminal defendant is eligible for bail is an individualized inquiry, and the bail status of unrelated contemporaries is not a factor to be considered." (Docket No. 98 at 10). At most, the Court can glean from the summary orders that those individuals were more closely aligned to *United States v. Pratt*, CR 14-190-4, Docket No. 166 (W.D. Pa. Jan. 27, 2016), which the Court has already addressed in its Memorandum Opinion, finding the circumstances distinguishable from Defendant's situation.[5] (*See* Docket No. 98 at 10-11). Overall, aside from expressing disagreement with the Court's decision to deny his Motion for Bond, Defendant has not set forth an appropriate basis to justify the Court's reconsideration of its decision on bond. *See Perminter*, 2012 WL 642530, at *7 ("[T]he purpose of a motion for reconsideration is not to permit parties to relitigate matters which have already been decided by the Court or to express their disagreements with the Court's rulings."); *United States v. Hill*, No. 07-CR-371, 2011 WL 2173618, at *3 (W.D. Pa. June 2, 2011). Thus, reconsideration must be denied.

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration [113] is DENIED;

IT IS FURTHER ORDERED that any further supplemental sentencing memoranda shall be filed by **November 30, 2016**;

---

10). Each of these Orders also predate this Court's prior decision and could have been raised earlier by Defendant if he wished for the Court to consider them. *See Dupree*, 617 F.3d at 732-33.

[5] Finally, insofar as Defendant complains that he has not been treated equally to others, the Court notes that, as the Government has argued, Senior District Judge Gustave Diamond recently ordered a defendant to be remanded to the Marshals' custody after the sentence was imposed, implicitly denying the defendant's request to be placed on bond following the imposition of his sentence so that he could be returned to state custody. *See United States v. Long-Parham*, CR 15-46-1, Docket Nos. 69, 71, 73 (W.D. Pa. 2016). The Court again points out that although the advisory guidelines range for Defendant's case is 262 months to 327 months, Defendant, by way of his 11(c)(1)(C) plea agreement, stands to receive a substantial deviation from a guideline range sentence in that the instant plea agreement calls for a sentence of 192 months' incarceration. (*See id.* at 12; *see also* Docket Nos. 65, 72).

Finally, IT IS ORDERED that, as previously ordered by the Court, (*see* Docket No. 115), Defendant's Sentencing Hearing will be held on **<u>December 7, 2016, at 9:00 a.m.</u>**

<u>*s/ Nora Barry Fischer*</u>
Nora Barry Fischer
United States District Judge

Date: November 23, 2016

cc/ecf: All counsel of record.

       Tony Gay USM # 35312068 c/o Jay J. Finkelstein, AFPD
       Pretrial Services/Probation Office
       United States Marshal